# LAW OFFICES OF
## OKEKE & ASSOCIATES, P.C.
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

```
-------------------------------------X-----------------------------
RENELL MINOR and GAY GARLAND          :UNITED STATE DISTRICT COURT
           Plaintiffs,                :EASTERN DISTRICT OF NEW YORK
                                      :
    against                           :
                                      :   CASE No.: 05 CV 5418
                                      :            05 CV 5419
THE CITY OF NEW YORK,                 :
NEW YORK CITY POLICE DEPARTMENT       :   CIVIL ACTION
P.O. MIGUEL OCASIO (03747),           :
LT. MIRAGLIA, P.O. JAY RIVERA,        :   AMENDED
P.O. NICK MILENTIJEVIC, P.O. ERLENE   :   COMPLAINT
WILTSHIRE, P.O. JOHN DOE & JANE DOE   :
1'through'15 inclusive,               :   PLANITIFF DEMANDS
the names of the last defendants      :   TRIAL BY JURY
being fictious, the true names        :
of the defendants being unknown       :   (NG) (CLP)
to the plaintiff.                     :
           Defendant(s).              :
-------------------------------------X-----------------------------
```

TAKE NOTICE, the Plaintiffs, MR. RENELL MINOR and MS. GAY GARLAND hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them, at the address below, in this matter.

Plaintiffs, MR. RENELL MINOR and MS. GAY GARLAND, by their attorneys, The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, The New York City Police Department, P.O. MIGUEL OCASIO (03747), P.O. JOHN DOE AND JANE DOE 1'through'20 collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the

      Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiffs resides in Brooklyn, New York and are residents of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants Police officers "John Doe" and "Jane Doe" 1 through 20 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. On or about March 15, 2005, at approximately 6:30PM, numerous police officers, employed with the New York City Police Department and assigned to the 75th Precinct, without probable cause and/or justification, arrested the plaintiffs at 675 Lincoln Avenue, Brooklyn New York, located in the County of Kings and falsely charged them with 'Criminal Possession of a weapon', amongst other charges.

11. Prior to and after effecting the illegal arrest against the plaintiffs, said police officers forcefully bust into plaintiff's apartment as Mr. Minor was on the phone calling emergency (911) to verify if the people in the hallway were police officers, and Ms. Garland was at the front door asking for identification. As Mr. Minor looked up he saw his mother, Ms. Garland being dragged naked, within a few seconds officers grabbed Mr. Minor lifted him up and carried him to the living room where they slammed Mr. Minor on the edge of the couch, causing the Mr. Minor to suffer immense pain from his head right down to his groin area. The defendant police officers then started kicking and punching the Mr. Minor in all parts of his body. One defendant officer took Mr. Minor's shoe off Mr. Minor's feet and started striking Mr. Minor in the head and face with his said shoes. The defendant officers then picked up Mr. Minor by both legs and arms carried him to the hallway where they dropped him on the floor intentionally. While plaintiff was in the hallway there were at least twenty (20) police officers in the apartment and maybe three or four on top of different body parts of plaintiff when said defendant officers started to punch and kick Mr. Minor again. Mr. Minor could hear passer bys and neighbors in the hallway shouting don't kill our friend, when the defendant officers retorted "His trying to get away", notwithstanding that he was on the floor face down with officers stumping on him and kicking him. Further, the whole apartment was swarming with officers to the extent that it was very clear that he was not going anywhere. Mr. Minor was then picked up and placed in handcuffs and taken outside.

      As the defendant officers were taking Mr. Minor outside, plaintiff requested if he could get his shoes back, to wit one of the defendant officers responded, "you'll be fine, in Africa they walk around with no shoes, get use to it". Mr. Minor was the made to stand outside on the hard concrete at extremely cold temperatures for at least thirty (30) minutes where after he was placed in a police vehicle and transported to the 75th precinct. Mr. Minor was held in the precinct till the following morning, where he was provided with no food or water, not allowed to contact his attorney, not allowed to receive any medical attention even though he requested for it on several occasions. In that same morning, Mr. Minor was transported to Central Booking, where he was then placed in a holding pen with several other inmates. That Mr. Minor was still not provided with his shoes wherein he was forced to stand in urine and feces with no shoes due to the toilet in the holding pen over flooding. That whilst in the holding pen other inmates were smoking cigarettes sold to them by the guards and when Mr. Minor tried to inform the guard about the smoking, he was ignored. At about 9:00PM, more than twenty-four hours (24h) since Mr. Minor's arrest, he was called by one of the officers, taken upstairs and through a court room where a judge was sitting. He was walked past the judge, out of the courtroom and down a hallway where the officer opened a side or back door and told him to leave. No explanation was given to the plaintiff as to why he was being set free through a back door or as to why he was arrested, assaulted, imprisoned in the first place and as to the whereabouts and conditions of his mother.

12.    Prior to and after effecting the illegal arrest against the Ms. Garland and Mr. Minor, said police officers forcefully bust into Ms. Garland's apartment, at least twenty officers with their guns drawn, grabbing the Ms. Garland and pulling off her the only sheet she had covering herself. The police officers then pushed Ms. Garland to the floor dragged her to living room naked, and then picked her up and threw her partially on the couch were Ms. Garland grabbed another sheet to cover herself. The police officers then pulled Ms. Garland down where her face was on the couch, and the rest of her body on the floor and started choking her. Ms. Garland's face was pressed down into the couch as if the police officers were trying to suffocate her. All the time while plaintiff was being assaulted she could hear the muffled sound of her son Mr. Minor being beaten and his screaming in pain. That whilst Ms. Garland was being held down, she was groped and struck several times by the arresting police

      officers, this act continued for about twenty-five minutes. Ms. Garland was then picked up and only then was a female officer assigned to take Ms. Garland to her bedroom to put some clothes on. Plaintiff was then transported to the 75th precinct where she was held for several hours. However as the police officers were removing plaintiff from her home there were family members and neighbors who inquired as to what Ms. Garland was being arrested for to wit the police officers responded that Ms. Garland was a crack head and a drug dealer. Due to the beatings inflicted on the plaintiff and the pain she was in she requested for medical attention, several hours later, Ms. Garland was taken to Brookdale hospital where she first found out that she had sustained lacerations to her butt and injuries to other parts of her body. After being held for several hours in the 75th precinct, and treated at Brookdale hospital, Ms. Garland was then transported to Central Booking. Plaintiff was kept at Central Booking for approximately one day where after she was released through a back door without seeing a Judge, and without any explanation as to why she was arrested, assaulted, imprisoned or the whereabouts and conditions of her son.

12(a). That plaintiffs were never formally informed as to why they were being assaulted or arrested, Further, no explanation was ever given as to why the police officers were allowed to burst into their home with no warrant and no justification. After being detained in the criminal court jail for several hours with numerous other arrested persons, whereby the plaintiffs were unable to use any bathroom facilities, and given no food or drink. Plaintiffs were subsequently released without being brought before a judge. Without any money or means of plaintiffs getting home.

13. That even though the defendant police officers knew ,or should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiffs, charge and then drop same charges. Assault and incarcerate plaintiffs further aggravating the plaintiffs injuries.

14. That at no time during the arrest or detention were plaintiffs read their Miranda rights or allowed to contact an attorney.

15. In April of 2005, the plaintiffs served the City of New York with a Notice of Claim.

16. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs trespass at the alleged property or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

17. As a direct and proximate result of defendants' actions, plaintiffs suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, pain in various parts of their bodies, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

18. The unlawful arrest of plaintiffs, plaintiffs' wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiffs suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

20. As a direct and proximate result of their unlawful detention, assault, confinement, Plaintiffs have lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when they see the police, they suffer various emotional attacks, in addition, they have been unable to function normally which has caused a severe strain and breakdown in their personal relationships, in and outside of the home.

21. As a direct and proximate result of defendant's actions, plaintiffs were arrested, detained without just or probable cause.

22. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly

     sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

24. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

25. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

26. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

27. A written claim was filed upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## **AS A FIRST CAUSE OF ACTION:**

     42 U.S.C Section 1983-against Defendants Officers

29. Plaintiffs hereby restates paragraphs 1-28 of this complaint, as though fully set forth below

30. By detaining and imprisoning MR. RENELL MINOR and MS. GAY GARLAND, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Officers, Defendants deprived Plaintiffs of rights, remedies,

      privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31. In addition, the Defendants officers conspired among themselves to deprive plaintiffs of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NCPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

34. Plaintiffs hereby restates paragraph 1-33 of this complaint, as though fully set forth below

35. By detaining and imprisoning MR. RENELL MINOR and MS. GAY GARLAND, without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

36. In addition, the Defendants officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

38. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights.  Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## **AS A THIRD CAUSE OF ACTION:**

Assault and Battery--all Defendants

40. Plaintiffs hereby restates paragraph 1-41 of this complaint, as though fully set forth below

41. In physically assaulting, handcuffing, threatening, intimidating plaintiff, MR. RENELL MINOR and MS. GAY GARLAND, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

42. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## **AS A FOURTH CAUSE OF ACTION:**

False Arrest and False Imprisonment--all defendants

43. Plaintiffs hereby restates paragraph 1-45 of this complaint, as though fully set forth below

44. The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

45. The wrongful arrest and imprisonment of the Plaintiffs were carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

46. At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff.

47. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

48. Throughout this period, the Plaintiffs was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

49. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

50. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

51. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

53. The Plaintiff hereby restates paragraph 1-52 of this complaint, as though fully set forth below.

54. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

55. Plaintiffs emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

56. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers and security guards, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

58. Plaintiffs hereby restates paragraph 1-59 of this Complaint, as though fully set forth below.

59. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiffs.

60. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

61. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

62. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiffs injuries.

63. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiffs incurred

significant and lasting injuries.

### AS A SEVENTH CAUSE OF ACTION:

Negligence against all defendants.

64. Plaintiffs repeats and realleges paragraphs 1 through 63 as if each paragraph is repeated verbatim herein.

65. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

66. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

67. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial,

       punitive damages against the Officers Defendants in an amount to be determined at trial;

4.   On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5.   On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6.   On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7.   On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

8.   Such other and further relief as this Court may deem necessary in the interest of justice.


Dated:
March 21, 2006

Brooklyn, New York


                       Respectfully Submitted


               By:  Patrick Ike O'keke Esq. [PO-2861]
                    255 Livingston Street,
                    4th Floor
                    Brooklyn, New York 11217
                    Tel. No.  : (718) 855-9595
                    Fax No.   : (718) 855-9494